UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN A. WARREN,

                Petitioner,                        Case No. 1:11-cv-1306

v.                                                    Honorable Gordon J. Quist

WILLIE SMITH,

                Respondent.

_____/


## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of subject matter jurisdiction.

## Factual Allegations

        On April 5, 1989, Petitioner Brian A. Warren pleaded guilty in the 10th District Court in Battle Creek, Michigan to one count of the misdemeanor of possessing a dangerous weapon in

a motor vehicle, Albion Ordinance No. 15-46.[1]  Petitioner was sentenced to pay a fine of $40.00 or to serve four days in jail in lieu of the fine.  Petitioner has long since served the sentence for the April 5, 1989 conviction.

Petitioner presently is incarcerated in the Carson City Correctional Facility where he is serving sentences imposed on October 16, 1995 by the Calhoun County Circuit Court following his convictions for felony-murder (life), kidnaping (30 to 60 years), and two counts of first-degree criminal sexual conduct (30 to 60 years for each count).

In the instant habeas petition, Petitioner expressly challenges his April 5, 1989 conviction, contending that it was improperly used to enhance several of the sentences for which he is now incarcerated.  He claims that the 1989 conviction was invalid because he was not informed of his right to counsel or his right to appellate counsel when the sentence for that conviction was imposed.

### Discussion

This Court lacks jurisdiction to grant habeas corpus relief with respect to an attack on Petitioner's April 1989 conviction.  "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'"  *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2254(a)); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States. . . .").  Petitioner is no longer in custody for his prior conviction because the sentence for that conviction has long since expired.  Ordinarily, "once the sentence imposed for a conviction has

---

[1] Petitioner has filed numerous habeas corpus petitions in this Court, but this is the first petition challenging his April 5, 1989 conviction.

completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The mere fact that Petitioner's prior conviction was used to enhance his current sentence does not render him "in custody" with respect to that conviction. *See Maleng*, 490 U.S. at 492. Thus, the Court lacks jurisdiction to consider an attack on the prior, expired conviction because Petitioner is no longer in custody for it.

The Court in *Maleng* noted, however, that a challenge to a sentence-enhancing prior conviction could be "construed" as a challenge to the petitioner's *current* sentence (i.e. one for which he is in custody under § 2254), "as enhanced by the allegedly invalid prior conviction." *Id.* at 493.[2] However, Petitioner already has filed several unsuccessful petitions challenging his custody for the 1995 convictions for kidnaping, criminal sexual conduct, and murder. *See, e.g., Warren v. Jackson*, No. 2:00-cv-73560 (E.D. Mich. May 24, 2001) (denying petition with prejudice); *Warren v. Jackson*, No. 1:05-cv-791 (W.D. Mich. May 9, 2008) (denying petition on the merits). Thus, were the Court to construe the instant petition as a challenge to Petitioner's 1995 sentences, the challenge would constitute a second or successive habeas petition.[3] The habeas statute imposes stringent requirements on prisoners wishing to file second or successive habeas applications. "Before a second or successive application . . . is filed in the district court, the applicant [must] move in the

---

[2] In *Lackawanna*, the Court concluded that such a challenge to the enhanced sentence of a subsequent conviction was limited to cases in which the prior conviction suffered from such radical constitutional defects as the denial of trial counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963). 532 U.S. at 404.

[3] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

appropriate court of appeals for an order authorizing the district court to consider the application."

28 U.S.C. § 2244(b)(3)(A).  Petitioner has not complied with the foregoing requirement; he has not

filed a motion for an order authorizing this Court to consider his petition.  Without such

authorization, the Court lacks jurisdiction to consider a second or successive petition.  *See Burton*

*v. Stewart*, 549 U.S. 147, 157 (2007).  Consequently, even if the petition is construed as an attack

on Petitioner's *current* sentences, as enhanced by his prior conviction, the Court lacks jurisdiction

to consider it.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application

pursuant to Rule 4 because the court lacks subject matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit

that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

*Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46

(2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

This Court denied Petitioner's application on procedural ground that it lacked subject-matter jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of subject-matter jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  January 20, 2012                               _____/s/ Gordon J. Quist_____
                                                                            GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE